UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

ALISA BAKER,

       Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian corporation, d/b/a
ROYAL CARIBBEAN INTERNATIONAL,

       Defendant.

_____/

### COMPLAINT FOR MARITIME PERSONAL INJURY DAMAGES WITH DEMAND FOR JURY TRIAL

Plaintiff ALISA BAKER ("Plaintiff BAKER") sues Defendant ROYAL CARIBBEAN CRUISES LTD., d/b/a ROYAL CARIBBEAN INTERNATIONAL ("Defendant RCCL"), and alleges:

### JURISDICTION

1.  This action is within the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

2.  This action is for damages involving a sum, exclusive of interest and costs, in excess of $75,000.00.

3.  This action is within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333.

### IDENTIFICATION OF THE PARTIES

4.  At all times material times hereto, Plaintiff BAKER was a fare paying passenger and business invitee on Defendant RCCL's cruise ship M/V "RHAPSODY OF THE SEAS."

5.  At all times material hereto, Plaintiff BAKER was, and still is, a citizen and resident of the Commonwealth of Australia.

Case No. _____

6.   At all times material hereto, Defendant RCCL was, and still is, a Liberian corporation doing business with substantial business contacts and a base of operations in Miami, Miami-Dade County, Florida, with its principal place of business at 1050 Caribbean Way, Miami, Florida.

7.   At all times material hereto, Defendant RCCL owned, operated, chartered, and/or managed the passenger cruise ship *M/V "RHAPSODY OF THE SEAS,"* which was, and still is, used for the transportation of passengers for hire upon international navigable waters.

8.   At all times material hereto, Defendant RCCL, through its agents, servants, and/or employees, committed one or more of the acts set forth in Sections 48.081, 48.091, 48.181, 48.19, and/or 48.193, Florida Statutes.

## GENERAL ALLEGATIONS

9.   On or about October 18, 2014, at approximately 12:30 a.m., while attending a sponsored late night event with a live band aboard the *M/V "RHAPSODY OF THE SEAS"* on the pool deck and waiting in line at one of the pool bars, Plaintiff BAKER, after having been asked to dance, turned and took a step to proceed to the dance floor when, suddenly and without warning, her right foot slipped forward and she fell down backwards to the deck.

10.   The *M/V "RHAPSODY OF THE SEAS"* was underway at sea at the time and what caused Plaintiff BAKER to slip and fall was a wet, slippery,  dangerous, and unsafe accumulation of water and/or moisture on the decking.

2

Case No. _____

11.   The wet, slippery, dangerous, and unsafe accumulation of water and/or moisture had been introduced onto the deck area where Plaintiff BAKER slipped and fell by the action of the vessel's movement at sea causing water to splash out of the pool and/or by other passengers who had been allowed to use the wading area of the pool as a dance floor.

12.   At the aforementioned time and place, and due to the wet, slippery, dangerous, and unsafe condition of the deck area, Plaintiff BAKER was caused, as a result of her slip and fall accident, to suffer severe physical injuries to her person, to include a bimalleolar fracture of her right ankle which subsequently required three separate surgical procedures involving internal fixation hardware.

## COUNT I

### NEGLIGENCE

13.   Plaintiff BAKER references, incorporates, and realleges the allegations of Paragraphs 1 through 12 as fully as if set forth herein.

14.   At all times material hereto, Defendant RCCL, through its agents, servants, and/or employees, owed and/or voluntarily undertook and assumed a duty to Plaintiff BAKER to exercise reasonable care under the circumstances for her safety.

15.   Defendant RCCL, through its agents, servants, and/or employees, breached the aforesaid duty owed to Plaintiff BAKER by committing one or more of the following acts:

Case No. _____

a.    Negligently failing to exercise reasonable care under the circumstances for Plaintiff BAKER's safety; and/or

b.    Negligently creating a dangerous and unsafe condition in the area where Plaintiff BAKER slipped and fell; and/or

c.    Negligently failing to properly supervise the cleaning and/or maintenance staff responsible for the area where Plaintiff BAKER slipped and fell; and/or

d.    Negligently failing to maintain the area where Plaintiff BAKER slipped and fell in a reasonably safe condition; and/or

e.    Negligently allowing water and/or moisture to remain on the area where Plaintiff BAKER slipped and fell which left it in an unreasonably wet, slippery, dangerous, and unsafe condition; and/or

f.    Negligently failing to warn Plaintiff BAKER of the wet, slippery, dangerous, and unsafe condition of the area where Plaintiff BAKER slipped and fell; and/or

g.    Negligently failing to have in place any or adequate anti-slip safety surface or similar material in the area where Plaintiff BAKER slipped and fell to help prevent accidents from occurring; and/or

h.    Negligently failing to post any or adequate warning signs or similar devices to alert Plaintiff BAKER to the wet, slippery, dangerous, and unsafe condition posed by the water and/or

4

Case No. _____

moisture which had been allowed to remain in the area where Plaintiff BAKER slipped and fell; and/or

i.   Negligently failing to monitor the area where Plaintiff BAKER slipped and fell for the safety of passengers, such as Plaintiff BAKER, during that period of time when the Defendant RCCL, its agents, servants, and/or employees left the area in a wet, slippery, dangerous, and unsafe condition; and/or

j.   Negligently failing to properly train and/or supervise its crew members and/or employees to properly maintain the area where Plaintiff BAKER slipped and fell so that passengers, such as Plaintiff BAKER, would not step onto or walk on wet, slippery, dangerous, and unsafe conditions; and/or

k.   Negligently failing to implement policies or procedures to keep the area where Plaintiff BAKER slipped and fell dry and/or safe during those hours of operation when passengers, such as Plaintiff BAKER, would be utilizing the area; and/or

l.   Negligently failing to properly train and supervise its crew members and/or employees to ascertain that the area where Plaintiff BAKER slipped and fell was kept in a dry and/or safe condition; and/or

m.   Negligently failing to institute safety inspection procedures to make sure that such wet, slippery, dangerous, and unsafe conditions aboard the Vessel, and more particularly the area where Plaintiff BAKER slipped and fell, were discovered and made safe; and/or

5

Case No. _____

n.   Negligently failing to properly carry out safety inspection procedures to make sure that such wet, slippery, dangerous, and unsafe conditions aboard the Vessel, and more particularly the area where Plaintiff BAKER slipped and fell, were discovered and made safe.

16.   The wet, slippery, dangerous, and unsafe condition of the area where Plaintiff BAKER slipped and fell was known to Defendant RCCL, through its agents, servants, and/or employees, but was unknown and unlikely to be appreciated by Plaintiff BAKER.

17.   As a direct and proximate result of the negligent breach of the aforementioned duties owed to Plaintiff BAKER, she was caused to sustain bodily injury and resulting pain and suffering, disability and disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previous existing condition.  The losses are either permanent or continuing and Plaintiff BAKER will suffer such losses in the future.

WHEREFORE, Plaintiff ALISA BAKER demands trial by jury and requests this Court enter judgment against Defendant ROYAL CARIBBEAN CRUISES LTD., _d/b/a_ ROYAL CARIBBEAN INTERNATIONAL, for damages, along with pre- and post-judgment interest, costs of suit, and such other or further relief as this Court deems just and proper.

6

Case No. _____

## **DEMAND FOR JURY TRIAL**

Plaintiff ALISA BAKER demands trial by jury of all issues so triable as of right.

Respectfully submitted,

NICOLAS G. SAKELLIS, P.A.
Attorneys for Plaintiff
ALISA BAKER
44 West Flagler Street
Suite 750
Miami, Florida  33130
(305) 577-4221
(305) 577-3341 Facsimile


By: *s/ Nicolas G. Sakellis*
    NICOLAS G. SAKELLIS
    Florida Bar No. 939269
    *nsakellis@att.net*

7